IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joseph Andrew Sadler, #88417-071, ) | |
| ) | C.A. No. 6:06-38-HMH-WMC |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| John J. Lamanna, Warden, ) | |
| FCI–Edgefield, S.C., ) | |
| ) | |
| Respondent. ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1]  Joseph Andrew Sadler ("Sadler"), a federal prisoner, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  Magistrate Judge Catoe recommends dismissing Sadler's petition without prejudice and without requiring the Respondent to file an answer.  Sadler filed objections to the Report and Recommendation. After review and for the reasons below, the court adopts the Magistrate Judge's Report and Recommendation and dismisses Sadler's petition without prejudice.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL HISTORY

Sadler is currently incarcerated at FCI–Edgefield. Sadler was convicted by a jury of conspiracy to possess with intent to distribute crack cocaine on November 5, 1993. Sadler was sentenced to four hundred (400) months' imprisonment on February 14, 1994. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence February 22, 1995. See United States v. Sadler, No. 94-5132, 1995 WL 82505, at *1 (4th Cir. Feb. 22, 1995) (unpublished table decision). Sadler did not file a petition for writ of certiorari before the United States Supreme Court.

In the instant petition, Sadler admits to having previously collaterally attacked his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000). United States v. Sadler, C.A. No. 6:01-2192-20 (D.S.C. May 9, 2001); (Pet. 2). The court denied Sadler's § 2255 motion as time-barred on May 9, 2001. Sadler filed a motion for reconsideration, which was denied on May 25, 2001. Sadler appealed, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal on September 5, 2001. United States v. Sadler, No. 01-7103, 2001 WL 1012190, at *1 (Sept. 5, 2001) (unpublished). The United States Supreme Court denied Sadler's petition for a writ of certiorari on February 19, 2002. Sadler v. United States, 534 U.S. 1153 (2002).

Sadler filed the instant petition pursuant to § 2241 on December 30, 2005.[2] The Magistrate Judge found that Sadler had failed to show that § 2255 was inadequate or ineffective to test the legality of his detention, such that he could proceed under § 2241.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988)

2

(Report and Recommendation 4.)  Moreover, the Magistrate Judge found that even if the court construed Sadler's instant petition as a § 2255 motion, the court lacks jurisdiction to consider such a motion because it would be second or successive, given Sadler's previous § 2255 motion.  (Id. 5.)  As such, the Magistrate Judge recommends dismissing Sader's petition without prejudice.  Sadler filed objections to the Report and Recommendation on March 29, 2006.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Sadler raised one specific objection to the Magistrate Judge's Report and Recommendation, arguing that he may proceed under § 2241.  Habeas relief pursuant to § 2241 is available only if a § 2255 motion is inadequate or ineffective to test the legality of detention.  See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255).  "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999).  In his objections, Sadler admitted that he could not proceed under § 2255 because he "cannot meet either of the two prongs in §2255, ¶ 8, for requesting authorization to file a second ¶ 2255 motion."

(Objections 6.) However, Sadler contends that "Section 2241 is the correct motion [sic] to examine the instant claim and this is the proper Court to grant the relief which has been requested." (Id.)

The Fourth Circuit has found § 2255 inadequate and ineffective, such that a habeas petitioner may proceed under § 2241, in only one scenario, when

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34 (emphasis added); (Report and Recommendation 5.)

Sadler argues that because his petition is based on "new constitutional law," he may bring it under § 2241. (Objections 5 (internal quotation marks omitted)). This argument is meritless, given the third prong of the Jones test. Moreover, Sadler has not shown that he satisfies the second prong of the test. Accordingly, Sadler may not proceed under § 2241.

Finally, as Sadler correctly admits, he cannot meet either of the two provisions for filing a second or successive motion under § 2255, so construing the instant motion as a motion brought under § 2255 would be fruitless. (Objections 6.); see 28 U.S.C. § 2255 (West Supp. 2005). Therefore, Sadler's objections are without merit, and the court adopts the Magistrate Judge's Report and Recommendation and summarily dismisses Sadler's petition without prejudice.

It is therefore

**ORDERED** that Sadler's § 2241 petition is dismissed without prejudice.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
April 10, 2006

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.